**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| WIRELESSWERX IP, LLC, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | NO. 6:22-cv-01060-DC-DTG |
| | § | |
| UBER TECHNOLOGIES, INC., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**DEFENDANT UBER TECHNOLOGIES, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P 12(B)(3) FOR IMPROPER VENUE AND 12(B)(6) FOR FAILURE TO STATE A CLAIM**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................. 1

II.     RULE 12(B)(3) DISMISSAL FOR IMPROPER VENUE ................................ 1

    A.     Uber does not reside in the Western District of Texas. ........................................ 2

    B.     Uber has no regular and established place of business in the Western
        District of Texas. .................................................................................................. 2

        1.    Uber has no office in Austin. .................................................................... 3

        2.    Uber does not have a regular and established place of business at
            the homes of its remote employees in the Western District of
            Texas. ......................................................................................................... 3

        3.    Uber does not store property and equipment sufficient to qualify as
            a regular and established place of business in the Western District
            of Texas. ..................................................................................................... 5

III.    RULE 12(B)(6) DISMISSAL .......................................................................... 6

    A.     Factual Background .............................................................................................. 6

    B.     Legal Standard ..................................................................................................... 6

    C.     The Complaint fails to state a claim for direct infringement ............................... 7

        1.    The Complaint fails to allege how "providing the first portable
            device with a ground positioning unit receiver" is satisfied ..................... 7

        2.    The Complaint relies on inconsistent allegations of what
            constitutes the claimed "first portable device" ........................................ 9

    D.     The Complaint fails to state a claim for indirect infringement ........................... 12

IV.     CONCLUSION ................................................................................................. 13

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*,
No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) .......................................13

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
797 F.3d 1020 (Fed. Cir. 2015) (en banc)..........................................................................7, 9

*Artrip v. Ball Corp.*,
735 F. App'x 708 (Fed. Cir. 2018) ............................................................................................7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).....................................................................................................................6

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007).....................................................................................................................7

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
681 F.3d 1323 (Fed. Cir. 2012)..........................................................................................12, 13

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) ...............................................................................7, 9, 10, 12

*Celgene Corp. v. Mylan Pharms., Inc.*,
17 F.4th 1111 (Fed. Cir. 2021) ................................................................................................4

*Correct Transmission LLC v. ADTRAN, Inc.*,
No. 6:20-CV-00669-ADA, 2021 WL 1967985 (W.D. Tex. May 17, 2021) ...........................2

*In re Cray Inc.*,
871 F.3d 1355 (Fed. Cir. 2017)......................................................................................1, 2, 3, 4

*De La Vega v. Microsoft Corp.*,
No. 19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020)...............................7

*EMA Electromechanics, Inc. v. Siemens Corp.*,
No. 6:21-cv-1001-ADA, 2022 WL 1241967 (W.D. Tex. Apr. 26, 2022) ..........................6, 13

*GreatGigz Sols., LLC v. Maplebear Inc.*,
No. 20-CV-00737-ADA, 2021 WL 4691145 (W.D. Tex. Oct. 6, 2021)..................................4

*GreatGigz Sols., LLC v. ZipRecruiter, Inc.*,
No. 21-CV-00172-ADA, 2022 WL 432558 (W.D. Tex. Feb. 11, 2022)...........................2, 3, 5

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*IngenioShare, LLC v. Epic Games, Inc.*,
No. 21-CV-00663-ADA, 2022 WL 827808 (W.D. Tex. Mar. 18, 2022) ............................1, 4

*In re Monolithic Power Sys., Inc.*,
50 F.4th 157 (Fed. Cir. 2022) ..............................................................................................5

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
137 S. Ct. 1514 (2017) .......................................................................................................1, 2

*In re ZTE (USA) Inc.*,
890 F.3d 1008 (Fed. Cir. 2018) ...........................................................................................2

**Statutes**

28 U.S.C.
§ 1406(a) .............................................................................................................................5
§ 1400(b) ....................................................................................................................1, 3, 4, 5
§ 1406(a) .............................................................................................................................2

35 U.S.C. § 271(a) .......................................................................................................................7

**Other Authorities**

Rule 12(b)(3)...............................................................................................................................1, 3, 5

Rule 12(b)(6)...............................................................................................................................1, 6

## I.   INTRODUCTION

WirelessWerx IP, LLC's ("Plaintiff" or "WirelessWerx") Complaint should be dismissed under Rule 12(b)(3) for improper venue because Uber has no physical locations in the Western District of Texas.  Additionally, Plaintiff's direct infringement claim is astonishingly deficient and warrants dismissal under Rule 12(b)(6) because Plaintiff fails to offer factual support to show Uber makes, sells, offers to sell, or imports the Accused System and rests its "use" theory on inconsistent and implausible infringement allegations.

## II.   RULE 12(B)(3) DISMISSAL FOR IMPROPER VENUE

Venue is improper in the Western District of Texas because Uber neither resides nor has a regular and established place of business there.  In a patent infringement case, venue is proper only "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. § 1400(b).  The Supreme Court has explained that, for purpose of patent venue, "a domestic corporation 'resides' only in its State of incorporation."  *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1516-17 (2017).  As to the second clause, the Federal Circuit has established three requirements for a "regular and established place of business": "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant. If any statutory requirement is not satisfied, venue is improper under § 1400(b)."  *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Relevant criteria for determining whether a physical location is a "place of the defendant" include "whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place."  *Id.* at 1363.

The patent venue statute is "intentionally restrictive, and it is Plaintiff's burden to establish proper venue."  *IngenioShare, LLC v. Epic Games, Inc.*, No. 21-CV-00663-ADA, 2022 WL

827808, at *1 (W.D. Tex. Mar. 18, 2022) (citing *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013-14 (Fed. Cir. 2018)).  If the plaintiff cannot establish that venue is proper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  Venue is assessed as of the date the complaint was filed.  *Correct Transmission LLC v. ADTRAN, Inc.*, No. 6:20-CV-00669-ADA, 2021 WL 1967985, at *3 (W.D. Tex. May 17, 2021); *accord GreatGigz Sols., LLC v. ZipRecruiter, Inc.*, No. 21-CV-00172-ADA,  2022 WL 432558, at *3 (W.D. Tex. Feb. 11, 2022).

###### A.  Uber does not reside in the Western District of Texas.

Uber is a Delaware company with its headquarters and principal place of business in San Francisco, California.  (Compl. ¶ 2; Declaration of Andrew Greulich ("Greulich Decl.") ¶ 5.)  Because Uber is incorporated in Delaware, it does not "reside" in the Western District of Texas.  *See TC Heartland*, 137 S. Ct. at 1516-17.

###### B.  Uber has no regular and established place of business in the Western District of Texas.

Plaintiff also cannot show that Uber has any regular and established place of business in the Western District of Texas.  WirelessWerx filed the present lawsuit against Uber on October 7, 2022, alleging infringement of Patent No. 7,317,927 (Exhibit A, Dkt. 1-1, the "'927 Patent"), titled "Methods and System to Monitor Persons Utilizing Wireless Media."  (*See* Complaint for Patent Infringement, Dkt. 1 ("Complaint" or "Compl.").)  As of October 7, 2022, and continuing to the present, Uber has no physical place of business in the Western District of Texas; it does not own, control, lease, or possess any physical facility at which it conducts business in the Western District of Texas.  (Greulich Decl. ¶ 7.)  Because Uber has no physical location in the Western District of Texas, Uber does not satisfy the Federal Circuit's requirements for having a "regular and established place of business" in the Western District of Texas.  *See In re Cray*, 871 F.3d at 1360.

1.      **Uber has no office in Austin.**

WirelessWerx's venue allegations in the Complaint allege that Uber "has regular and established places of business throughout this District, including at least at 400 W 15th St Austin, TX 78701." (Compl. ¶ 2.)  That is incorrect.  From 2015 to 2017, Uber had a lease to 400 W 15th Street in Austin, Texas.  (Greulich Decl. ¶¶ 9-12.)  Uber's lease ended on September 30, 2017, and Uber did not renew or extend the lease.  (*Id.* ¶ 12.)  Uber vacated 400 W 15th Street in 2017 and has not occupied it since.  (*Id.* ¶¶ 12-13.)

The fact that Uber previously leased office space in the District is immaterial; a former lease, which terminated <u>more than 5 years</u> before suit was filed, does not constitute a regular and established place of business for venue purposes.  *ZipRecruiter*, 2022 WL 432558, at *4 (granting Rule 12(b)(3) motion because "venue is not proper based on a terminated lease").  On the date the Complaint was filed (October 7, 2022), 400 W 15th Street was neither a "place of the defendant" nor "a regular and established place of business" for Uber, and therefore cannot provide the basis for venue under § 1400(b).  *See In re Cray*, 871 F.3d at 1360.  WirelessWerx has not identified any other physical place in the Western District of Texas as a basis for venue, nor could it, since Uber has no offices in the Western District of Texas.  (Greulich Decl. ¶ 7.)

2.      **Uber does not have a regular and established place of business at the homes of its remote employees in the Western District of Texas.**

WirelessWerx additionally alleges that "Uber employs local engineers and sales managers in WDTX to serve local customers" and that "Uber continually maintains a physical presence within WDTX, including by advertising for replacement and new employees." (Compl. ¶ 2.)  In support of these allegations, WirelessWerx attaches four exhibits purporting to be "job openings

for Uber in Austin."[1]  (*Id.*, Exs. C-F.)  But these exhibits are undated and provide no indication of where Plaintiff supposedly retrieved them.  *Celgene Corp. v. Mylan Pharms., Inc.*, 17 F.4th 1111, 1123 (Fed. Cir. 2021) ("The undated posting does little to illuminate [Defendants'] employment requirements.").  The job postings also do not identify any requirement that candidates live in Austin, Texas (or any other city located in this District).  (Compl., Exs. C-F.)  In any event, "marketing for a job position in Texas does not impute venue."  *IgnecioShare,* 2022 WL 827808, at *4.

Because Uber does not have a physical place of business in the Western District of Texas, any Uber employees who reside in the Western District of Texas are remote employees. (Declaration of Paul Williams ("Williams Decl.") ¶ 9; Declaration of Libby Dearing ("Dearing Decl.") ¶ 7.)  Those remote employees and their homes, however, do not provide a basis for venue. *In re Cray*, 871 F.3d at 1364-66 ("The fact that Cray allowed its employees to work from the Eastern District of Texas is insufficient."); *see also, e.g.*, *Celgene*, 17 F.4th at 1122-25 (affirming dismissal for improper venue because while defendants' employees "work[ed] from the district," those "employee homes . . . are not places 'of the defendant'" under § 1400(b)); *IngenioShare, ,* 2022 WL 827808, at *2-4; *GreatGigz Sols., LLC v. Maplebear Inc.*, No. 20-CV-00737-ADA, 2021 WL 4691145, at *3-*4 (W.D. Tex. Oct. 6, 2021).  In addition, Uber employees residing in the Western District of Texas do not need to report to an Uber-owned or leased office in the District or elsewhere, as they are classified as remote employees.  (Williams Decl. ¶¶ 9, 12; Dearing Decl. ¶¶ 7-8.)  Moreover, Uber does not require any employees to live in the Western District of Texas.

---

[1] WirelessWerx does not provide citation information explaining where or when these supposed job postings come from.  Uber has not been able to verify that all of these exhibits correspond to actual Uber job postings, let alone job postings active as of the Complaint date.  (Williams Decl. ¶¶ 7-8.)

(Williams Decl. ¶ 11; Dearing Decl. ¶ 8.)   This is true even for those employees whose job responsibilities relate at least in part to the District.  (Dearing Decl. ¶ 8.)  For example, certain Uber Eats Account Executives who manage relationships with merchants located in the Western District of Texas live outside this District and in Dallas.  (*Id.*)  Put simply, Uber's few remote employees who chose to, and are not required to, reside in this District cannot establish venue for this case. *See ZipRecruiter*, 2022 WL 4325558, at *5 (finding venue improper when defendant "ha[d] employees who chose to, but [were] not required to, live in the District.").

3.      **Uber does not store property and equipment sufficient to qualify as a regular and established place of business in the Western District of Texas.**

Finally, WirelessWerx alleges that "Uber stores property in WDTX (in the homes of its employees) and that equipment was used to service Uber's WDTX customers."  (Compl. ¶ 2.) WirelessWerx does not specify what "property" or "equipment" it refers to. In any event, Uber does not store equipment at the homes of its remote employees in the Western District of Texas. (Dearing Decl. ¶¶ 10-12.)  The only Uber equipment typically at in-district employees' homes is "generic home office" equipment such as work laptops (*id.* ¶ 11) that, like the mere fact of remote employees, does not make venue proper.  *Cf. In re Monolithic Power Sys., Inc.*, 50 F.4th 157, 160 (Fed. Cir. 2022) (denying mandamus where remote employee had "a fair amount of [defendant's] equipment…which is not typically found in a generic home office" and which was used to support defendant's in-district customers).

WirelessWerx cannot satisfy either prong of 28 U.S.C. § 1400(b), so venue in the Western District of Texas is improper.  Because venue is improper, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. 1406(a).

### III.   RULE 12(B)(6) DISMISSAL

#### A.   Factual Background

WirelessWerx's threadbare Complaint spans twenty-two short paragraphs, accusing "Uber's rideshare products (*e.g.* <https://www.Uber.com>)" of infringing claim one of the '927 Patent, but without any supporting factual allegations.  (*See* Compl. ¶¶ 15, 17.)  These allegations appear to be reserved for the claim chart that WirelessWerx attaches as Exhibit B to the Complaint, but the chart is also severely deficient and internally inconsistent.

It is not clear what precisely WirelessWerx accuses since the identified website is not itself a rideshare product.   WirelessWerx compounds the confusion by mapping the required functionality of claim one's "first portable device" to a cherry-picked mix of features from both the rider's and driver's phone, without any allegations explaining how the rider's and driver's phones can <u>both</u> be the same "first portable device."  (*See* Compl. Ex. B.)  Moreover, claim 1 of the '927 Patent also requires "<u>providing</u> the first portable device with a ground positioning unit receiver," which is a piece of hardware.  ('927 Patent, claim 1 (emphasis added).)   But WirelessWerx includes no allegations about any entity, let alone Uber, <u>providing</u> a ground positioning unit receiver, nor any other piece of hardware.  (*See* Compl. Ex. B at 4-7.)  Instead, Exhibit B points only to Uber's website's descriptions of various software functionalities.  (*Id.*)

#### B.   Legal Standard

A complaint "must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' based on 'more than a sheer possibility that a defendant has acted unlawfully'" to survive a 12(b)(6) motion to dismiss.  *EMA Electromechanics, Inc. v. Siemens Corp.*, No. 6:21-cv-1001-ADA, 2022 WL 1241967, at *2 (W.D. Tex. Apr. 26, 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and citation omitted). There must be "some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).

> **C.      The Complaint fails to state a claim for direct infringement**

To state a claim for direct infringement, WirelessWerx must provide facts demonstrating that "without authority [Uber] makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor[.]" 35 U.S.C. § 271(a).   But the Complaint lacks sufficient factual details to plausibly state a claim that the Accused System infringes any claim of the '927 Patent.   It fails to provide facts that could plausibly support an inference that Uber (or anyone) practices each step of the asserted claim.   *De La Vega v. Microsoft Corp.*, No. 19-CV-00612-ADA, 2020 WL 3528411, at *6 (W.D. Tex. Feb. 11, 2020) (dismissing complaint that was "'devoid of allegations that would support an inference that [defendant] (or anyone) perform[ed] the coupling steps.'"); *see also Artrip v. Ball Corp.*, 735 F. App'x 708, 714 n.4 (Fed. Cir. 2018) (noting the *Iqbal/Twombly* standard applies to direct infringement claims).   WirelessWerx also has not pled that "all steps of a claimed method are performed by or attributable to a single entity" but instead relies on an internally inconsistent infringement theory that falls far short of the pleading standard.   *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc); *Bot M8*, 4 F.4th at 1353.

> **1.      The Complaint fails to allege how "providing the first portable device with a ground positioning unit receiver" is satisfied**

Claim 1, which is the only independent claim in the patent and the only claim the Complaint

alleges that Uber infringes, requires some entity to perform the step of: "providing the first portable device with a ground positioning unit receiver, the ground positioning unit receiver permitting the first portable device to obtain geographical coordinates of the position of the first portable device." ('927 Patent, claim 1.)  But the Complaint does not allege that Uber provides *any* hardware to users, much less the specific "ground positioning unit receiver" required by claim one.  The Complaint merely identifies the accused products as "Uber's rideshare products (*e.g.* <https://www.Uber.com>)."  (Compl. ¶ 15.)  But, both the identified website (which is not a rideshare product) and the rideshare functionality allegedly described by the website are software, not hardware.  Nowhere in WirelessWerx's Complaint nor the attached claim chart does WirelessWerx identify a single piece of hardware provided by Uber, let alone a "ground positioning unit receiver."  (*See generally* Compl. Ex. B.)

Rather than allege that Uber provides a ground positioning unit receiver, WirelessWerx instead merely points to the alleged use of GPS tracking, as shown in the below excerpt from WirelessWerx's attached claim chart:



(Compl. Ex. B at 6.)  But the fact that trips allegedly are GPS-tracked does not plausibly allege that <u>Uber provides</u> a ground positioning unit receiver, which is what claim one requires.  In fact, WirelessWerx's Complaint and attached claim chart are completely silent as to what entity performs the "providing" step.  Because the Complaint does not allege that any entity performs this step, let alone that Uber does, the Complaint does not plausibly allege direct infringement and should be dismissed.  *See, e.g., Bot M8*, 4 F.4th at 1353 ("There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim."); *Akamai Techs.*, 797 F.3d at 1022 (plaintiff must plausibly allege that "all steps of a claimed method are performed by or attributable to a single entity").

      **2.**    **The Complaint relies on inconsistent allegations of what constitutes the claimed "first portable device"**

Several of the limitations of claim one require "a first portable device," but WirelessWerx does not identify a single device as allegedly constituting the claimed "first portable device."

Instead, WirelessWerx points variously to the user's (i.e., rider's) device and the driver's device as the "first portable device."  But these are two separate devices, so WirelessWerx's allegations are internally inconsistent and thus implausible.  In other words, if, as WirelessWerx attempts to allege, the rider's phone carries out some of claim one's limitations for the "first portable device," but the driver's phone and not the rider's phone carries out the remaining limitations for the "first portable device," then there is no single "first portable device" that practices each limitation of claim one, so no infringement.  WirelessWerx's convoluted mapping is made worse by its further allegations that the rider's device is somehow both the "first portable device" and the "second portable device."  Because WirelessWerx has not plausibly alleged direct infringement by any entity, the Complaint should be dismissed.  *Bot M8*, 4 F.4th at 1354 ("Where, as here, the factual allegations are actually *inconsistent* with and contradict infringement, they are likewise insufficient to state a plausible claim.").

The table below lists the limitations of claim one reciting the "first" or "second portable device" alongside the device WirelessWerx points to for each limitation:

| Limitation in Claim One | Mapping for "first portable device" |
|---|---|
| 1[a] "defining a geographical zone utilizing latitude and longitude attributes;"<br>1[b] "loading data representative of the geographical zone to **the first portable device,** wherein the data representative of the geographical zone includes the latitude and longitude attributes mapped to corresponding pixels in a pixilated computer image of the | **Rider's phone**<br>"[The rider enters their destination into the Where to? Box on the top of the screen]."<br>(Compl. Ex. B at 5) |

| | |
|---|---|
| geographical zone stored in the <u>first portable device</u>;" | |
| 1[d] "configuring **the first portable device** to determine the location of **the first portable device** in relation to the pixilated computer image of the geographical zone…" | **Driver's phone**<br><br>"[A nearby driver sees and chooses to accept the rider's trip request]." (Compl. Ex. B at 7) |
| 1[e] "programming a microprocessor in **the first portable device** to determine the occurrence of an event related to the status of **the portable device** in relation to the geographical zone" | **Driver's phone**<br><br>"[when the driver's vehicle is about a minute away]." (Compl. Ex. B at 7) |
| 1[f] "permitting the microprocessor in **the first portable device** to transmit an event message indicating the occurrence of the event to **a second portable device**." | **Driver's phone**<br><br>**Rider's phone** is now "a second portable device"<br><br>"[The rider is automatically notified]." (Compl. Ex. B at 7) |

As the table above shows, within a single claim, WirelessWerx's mapping inconsistently switches from alleging that the rider's phone is "the first portable device" to alleging that the driver's phone is "the first portable device." But the driver's phone and the rider's phone are two different devices, so it is illogical, inconsistent, and implausible to allege that they are both "the first portable device" for separate claim limitations.  WirelessWerx essentially alleges that the rider's phone carries out limitations 1[a] and 1[b], but the driver's phone carries out limitations

1[d], 1[e], and 1[f].  This is facially implausible because the claim language plainly requires that all of those limitations are carried out by the same "first portable device."  WirelessWerx then inconsistently maps the rider's phone as both "the first portable device" for limitations 1[a] and 1[b] and "a second portable device" for limitation 1[f].  This too is plainly implausible—the rider's phone cannot be both the first and second portable devices.

Therefore, WirelessWerx's allegations are implausible and fail to allege that any single actor or single accused product is responsible for any alleged act of direct infringement.  The Complaint should be dismissed.  *See Bot M8*, 4 F.4th at 1354.

### D.      The Complaint fails to state a claim for indirect infringement

The Complaint makes the following bare, unsupported allegation in the Jurisdiction section of the Complaint: "Further, upon information and belief, Defendant has committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District."  (Compl. ¶ 11).[2]  The Complaint does not so much as recite the legal standard for indirect infringement, nor expressly list indirect infringement among the causes of action and prayer for relief.  And WirelessWerx's Complaint is devoid of any allegations of knowledge of either the patent or alleged infringement.  As such, the Complaint has not stated a claim for indirect infringement.

To the extent WirelessWerx contends that it has alleged indirect infringement, WirelessWerx has not plausibly alleged indirect infringement because as explained above, it has not pled an underlying act of direct infringement by a third party.  *E.g., In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1333 (Fed. Cir. 2012).  In addition, "to state a claim for indirect … infringement, the complaint must allege that the accused infringer

---

[2] This appears to be a boiler-plate sentence that Plaintiff's counsel has included in complaints submitted in multiple dozens of cases.

has knowledge of the patent and knowledge of its infringement." *EMA Electromechanics,* 2022 WL 1241967, at *5; *Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *3 (W.D. Tex. May 12, 2014); *In re Bill of Lading.*, 681 F.3d at 1339. WirelessWerx's passing allegation of "induced acts of infringement" without more falls far short of the pleading standard, and any allegation of indirect infringement in the Complaint should be dismissed.

## IV.   CONCLUSION

For the above-mentioned reasons, the Court should grant Uber's Motion and dismiss WirelessWerx's Complaint.

Dated: January 17, 2023

*/s/ Heidi L. Keefe*
Melissa R. Smith
State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257
melissa@gillamsmithlaw.com

Heidi L. Keefe (CA Bar 178960)
hkeefe@cooley.com
Reuben H. Chen (Admitted *Pro Hac Vice*)
rchen@cooley.com
Alexandra Leeper (Admitted *Pro Hac Vice*)
aleeper@cooley.com
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304
Telephone:  650-843-5000
Facsimile:  650-849-7400

*Attorneys for Defendant*
*Uber Technologies, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(b)(1) on January 17, 2023.

*/s/ Heidi L. Keefe*
Heidi L. Keefe